**Tailored Fund Cap, LLC v Gem Ventures, Inc.**

2024 NY Slip Op 34233(U)

December 2, 2024

Supreme Court, New York County

Docket Number: Index No. 152871/2022

Judge: Nicholas W. Moyne

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. NICHOLAS W. MOYNE**

*Justice*

PART     41M

-----------------------------------------------------------------------------X

TAILORED FUND CAP, LLC,

Plaintiff,

- v -

GEM VENTURES, INC.,NEIL HOWARD MORRIS, DAVID DAVID GALLERY, GABLE HOLDINGS, LLC,WESTON SPICER, JOHN L. VARNER, THOMASTON PLACE AUCTION GALLERIES, INC.,KAJA J. VEILLEUX, JOHN D. BOTTERO

Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152871/2022 |
| MOTION DATE | 09/01/2022 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35

were read on this motion to/for                                        DISMISSAL                              .

Upon the foregoing documents, it is

Defendants Thomaston Place Auction Galleries, Inc. ("Thomaston"), Kaja J. Veilleux ("Mr. Veilleux"), and John D. Bottero ("Mr. Bottero," collectively with Thomaston and Mr. Veilleux the "Moving Defendants"), have moved, pursuant to CPLR 327(a), CPLR 3211(a)(1), and 3211(a)(7) to dismiss the Second, Third, Fourth and Fifth Causes of Action in the Complaint as against the Moving Defendants.  After hearing oral argument and reviewing the papers, the Court grants the motion to dismiss.

This dispute concerns the sale of a painting by Winslow Homer entitled "Coming Through the Rye" (the "Painting"), that was allegedly owned by the plaintiff prior to the sale.  Plaintiff claims that the Painting was misappropriated by the defendants and sold without the plaintiff's authorization for a price well below its fair market value.  Plaintiff alleges four causes of action against the Moving Defendants who consist of Thomaston, the auction house that sold the Painting to a purchaser; Mr. Veilleux, the auctioneer; and Mr. Bottero, a former employee of Thomaston.  The causes of action asserted against the Moving Defendants are : (1) Fraud; (2) Conspiracy to Commit Fraud; (3) Concerted Action Liability; and (4) Aiding and Abetting Liability.

Tailored alleges that on June 7, 2021, Tailored and non-moving defendants Neil Howard Morris and Gem Ventures, Inc. (the "Sellers") entered into an agreement for the conveyance of the Painting to Tailored in exchange for Tailored's remittance of $420,000.00. (Cmplt., ¶ 13). Tailored further alleges that the Bill of Sale for which the

**152871/2022   TAILORED FUND CAP, LLC vs. GEM VENTURES, INC. ET AL**
**Motion No.  002**

Page 1 of 6

1 of 6

[* 1]

Painting was sold to Tailored indicated that the Painting had an appraised value of $1,900,000.00. (Cmplt., ¶ 14). At the time of the sale the Painting was located in Florida. (Cmplt., ¶ 15). Thereafter, Tailored and the Sellers entered into an agreement for the consignment of the Painting with non-moving defendant David David Gallery. Neither the consignment agreement with David David Gallery nor the bill of sale are included as exhibits to the complaint. Pursuant to the alleged consignment agreement, David David Gallery was allowed to display the Painting for sale and authorized to sell the Painting for a price that would net Tailored a minimum of $1,300,000 after expenses and commissions.

Tailored contends, upon information and belief, that Thomaston, along with Defendants David David Gallery, Morris, Gem Ventures, LLC, Gabel Holdings, LLC and Weston Spicer "devised a fraudulent scheme to transport the Painting from the Gallery's possession to Thomaston, allowing for Thomaston to then auction off and sell the Painting at a lower price and outside the terms of the Tailored consignment agreement with the defendant Sellers and David David Gallery. (Cmplt., ¶ 29). Tailored further alleges that an unnamed agent acting on Tailored's behalf entered into a fraudulent consignment agreement with Thomaston and others whereby Thomaston was allowed to sell the Painting for an amount between $800,000.00 and $1,500,000.00, less its commission and costs. (Cmplt., ¶ 30). This alleged fraudulent agreement provided that Tailored was to receive $500,000.00 from any sale of the Painting. (Cmplt., ¶ 31).

The Painting was ultimately sold for $800,000, a price that Tailored contends is well below the fair market value of the Painting. Despite Tailored's signature and apparent authorization of the consignment agreement with the Moving Defendants, Tailored alleges that it did not authorize the execution of such agreement, and that the contact information on the consignment agreement was that of the Sellers, not Tailored. (Cmplt., ¶¶ 33, 34). The alleged unknown agent had no authority to enter into the consignment agreement on Tailored's behalf and the complaint alleges that the Moving Defendants knew and/or should have known that the agent did not have such authority (Cmplt., ¶ 53). It further alleges that Thomaston "conspired" with Defendants David David Gallery, Morris, Gem Ventures, LLC, Gabel Holdings, LLC and Weston Spicer to defraud Tailored; and that Thomaston, the aforementioned Defendants, and an unauthorized agent acting on Tailored's behalf, entered into a consignment agreement. (Crnplt., ¶¶ 54, 55). The Complaint further alleges, upon information and belief, that "as a direct result of Gem Ventures or Morris's, or both, fraudulent misrepresentations, Thomaston sold the Painting to a subsequent bona fide purchaser for value ...:" (Cmplt., ¶ 57). The Complaint contains no allegations of fraud directed at Mr. Veilleux or Mr. Bottero, or any facts contending their involvement at all. Indeed, beyond the mere references to Mr. Veilleux and Mr. Bottero in the "Parties" section of the Complaint (Cmplt., the Complaint is devoid of any specific reference to them whatsoever.

With respect to the conspiracy claims against the Moving Defendants, the Complaint alleges that Thomaston and Defendants David David Gallery, Morris, Gem Ventures, LLC, Gabel Holdings, LLC and Weston Spicer intentionally and in furtherance of a plan to defraud Tailored, agreed to participate in overt acts to assist Defendants

Morris and Gem Ventures, the Sellers—in their scheme to defraud Tailored. (Cmplt., ¶¶ 66, 67). The Complaint again contains no allegations of conspiracy against either Mr. Veilleux or Mr. Bottero.

With respect to Tailored's concerted action liability claim, the Complaint alleges that "Defendants agreed to engage in concerted action and a common plan and design to commit the wrongful and illegal acts described herein..." and that such acts were committed by Defendants. (Cmplt., ¶ 70). Tailored further alleges that the Defendants acted tortiously in devising a scheme to defraud Tailored of the Painting and the amount it was due. (Cmplt., ¶ 71). Tailored provides no specific allegations directed at any of the Moving Defendants. With respect to its aiding and abetting cause of action, Tailored alleges, upon information and belief, that "Defendants each individually and collectively had actual and complete knowledge of all the wrongful and illegal activities..." including their fraud to induce Tailored to sell the Painting in the first instance, and did nothing to stop the conduct. (Cmplt., ¶¶ 74, 75). The Complaint again contains no specific allegations directed at any of the Moving Defendants.

Tailored acknowledges that it received two separate payments from Thomaston totaling $500,000 for the sale of the Painting. (Cmplt., ¶37).  It appears as if Tailored is suing for the difference between what it received from Thomaston and what Tailored believes was the required price under the consignment agreement with the Sellers. (Cmplt., ¶¶ 40, 47, 63, 68, 72, 76).

## MOTION TO DISMISS

On a motion to dismiss pursuant to CPLR § 3211, the pleading is to be afforded a liberal construction, the facts alleged in the complaint accepted as true, accord plaintiffs the benefit of every favorable inference, and determine whether the facts alleged fit within any cognizable legal theory (*Leon v Martinez*, 84 NY2d 83, 87 [1994]). When evidentiary material is considered, the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one (*Guggenheimer v Ginzburg,* 43 NY2d 268, 275 [1977]).

The complaint is extremely vague and suffers from deficiencies that make it difficult for the Court to even determine which causes of action have been pled against which individual defendant.  The summons indicates that the "basis for venue is pursuant to the Contract entered into between the parties." See, Summons (NYSCEF Doc. No. 1). The complaint fails to make clear exactly to which "Contract" the summons is referring or provide copies of any contract or agreement on which it bases venue or any of its claims. As explained further below, without pleading these additional details or providing copies of the relevant documents, the complaint fails to state a cause of action against the Moving Defendants.

**152871/2022   TAILORED FUND CAP, LLC vs. GEM VENTURES, INC. ET AL**
**Motion No.  002**

**Page 3 of 6**

[* 3]

As set forth above, the disputed causes of action (second, third, fourth and fifth) all sound in fraud and/or conspiracy to commit fraud by and among the Moving Defendants. The Moving Defendants argue that to the extent that the complaint alleges fraud, it fails to do so with the required particularity (CPLR § 3016[b]). "The elements of a cause of action for fraud require a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages" (*Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]). None of the factual allegations in the complaint concerning fraud reference Mr. Veilleux or Mr. Bottero whatsoever and they certainly do not detail their involvement in any fraudulent scheme against the plaintiff. Tailored has also failed to plead fraud with particularity against Thomaston. The Complaint provides general and conclusory allegations of "a fraudulent scheme" by certain Defendants and Thomaston (Cmplt., ¶ 53) and that certain defendants and Thomaston "conspired in their collective effort to defraud Tailored." (Cmplt., ¶54). These conclusory allegations, made "upon information and belief' without any source for same, fail to meet any of the requisite elements necessary for pleading a fraud claim. As to the first element of fraud, Tailored does not allege that Thomaston made any misrepresentation of fact to Tailored — material or otherwise — of any kind at any time. (Cmplt., ¶¶ 53-54). Rather, the Complaint specifically attributes all of the alleged fraudulent misrepresentations to Gem Ventures and/or Morris or to the "Sellers" — not the Moving Defendants.

Finally, the complaint does not allege that the Moving Defendants knew of the alleged falsity of the allegations. For example, there is no indication that Thomaston knew that the second consignment agreement was fraudulent or that Thomaston knew that the purported agent of Tailored that signed the consignment agreement was unauthorized to do so. The complaint only attributes knowledge of the alleged falsity of the misrepresentations to the Sellers — i.e., Gem Ventures and Morris and excludes any mention or specific allegations against the Moving Defendants. (See, Cmplt., ¶¶ 51, 56.). Again, none of the relevant agreements are attached to the complaint or provided as exhibits.

In opposition to the motion to dismiss, Tailored argues that it is not required to plead specific claims of reliance on any particular misrepresentation made by Thomstan or any of the Moving Defendants, although they do concede that the complaint should be dismissed as against Mr. Bottero since he was no longer employed by Thomstan at the time of the events in controversy. Tailored believes that a general allegation that Thomstan conspired with all of the other defendants to accomplish a fraudulent scheme against Tailored is sufficient at the pleadings stage and that any specifics as to which misrepresentations were made by Thomaston and communicated to Tailored by Gem Ventures and/or Morris, and which misrepresentations originated with Gem Ventures and Morris, must be provided after discovery has concluded. Tailored also posits that indirect communications passed on to other defendants before being imparted to the plaintiff can constitute fraud and/or a fraudulent conspiracy against all of the defendants. Tailored further argues that the Moving Defendants need only be given sufficient information in the complaint to apprise them of the alleged wrongs and that at this point in the litigation, the particularity requirement when pleading fraud does not require

**152871/2022   TAILORED FUND CAP, LLC vs. GEM VENTURES, INC. ET AL**                    **Page 4 of 6**
**Motion No.  002**

[* 4]

4 of 6

detailing each individual defendant's participation in the fraudulent conduct.  With regards to Mr. Veilleux, Tailored also argues that as the complaint does allege that Veilleux is the owner, appraiser, and auctioneer of Thomaston, the nature of his fraudulent conduct can be inferred by the nature of his positions and responsibilities.

The Court agrees with the Moving Defendants that New York law requires that fraud claims be pled with more detail and particularity than those asserted here.  At the very least, Tailored must distinguish between the various defendants as to the misrepresentations each defendant made to Tailored concerning the sale of the Painting.  The failure to do so constitutes improper group pleading that is not permitted in pleading fraud claims against multiple defendants (*see Principia Partners LLC v Swap Fin. Group, LLC*, 193 AD3d 584, 584 [1st Dept 2021]).  By pleading the fraud claim against all defendants collectively, without any specification of the conduct charged to particular defendants, Tailored has both deprived the Moving Defendants of the notice regarding the material elements of each cause of action to which they are entitled to under CPLR ¶3013 and has fail to plead its fraud claims with the particularly required by CPLR ¶3016(b) (*see El Toro Group, LLC v Bareburger Group, LLC*, 190 AD3d 536, 541 [1st Dept 2021]; *Total Asset Recovery Servs. LLC v Metlife, Inc.*, 189 AD3d 519, 523 [1st Dept 2020]).

In fact, the complaint does not allege any material issue of fact that was misrepresented or arguably misrepresented by the Moving Defendants.  It does not even allege that the Moving Defendants made any sort of representation, statement or communication of any kind to Tailored.  The only allegations of material misrepresentations in the complaint are alleged specifically against the defendant Sellers or against Defendant David David Gallery.  Tailored argues that the court can infer that the Moving defendants knew or should have known that the transaction was fraudulent and/or unauthorized by Tailored and therefore can infer that the Moving Defendants were part of some undefined and frankly illogical conspiracy to deprive Tailored of its rightful share of the proceeds of the sale of the Painting, apparently by undervaluing the Painting at auction and selling it for far less than what it was worth. Such speculative pleading and/or inferences drawn from pleadings simply do not meet the particularity requirement set forth in CPLR § 3016(b) that requires that "the circumstances constituting the wrong shall be stated in detail."

Tailored's argument that an indirect communication by the Moving Defendants (of a nature nowhere specified in the complaint) made to Tailored could suffice to state a viable fraud claim is also unavailing.  The problem with this argument is that the complaint does not allege any statement or representation made by the Moving Defendants to any of the other defendants and certainly does not allege that the Moving defendants intended for any specific misrepresentation or false statement to be passed on to Tailored.

Finally, Tailored's argument regarding Moving Defendant Kaja Veilleux fails. In its opposition to the motion to dismiss, Tailored alleges that Mr. Veilleux may somehow have liability inferred to him by the nature of his position and responsibilities as the

**152871/2022   TAILORED FUND CAP, LLC vs. GEM VENTURES, INC. ET AL                    Page 5 of 6**
**Motion No.  002**

owner, appraiser and auctioneer of Thomaston. No such allegation is made in the complaint. Counsel cannot amend the pleadings merely by including new claims in a brief that have never been previously pled or alleged in any pleading. Further, the Complaint contains absolutely no allegations of material misrepresentations attributed to either Thomaston or Mr. Veilleux. Indeed, other than the mere identification of Mr. Veilleux as a party in the beginning of the Complaint, there is no other reference to him at all. Any attempt by Tailored to lump in Mr. Veilleux constitutes the same type of improper group pleading discussed above.

Since the second, third, fourth and fifth causes of action all sound in fraud and because the complaint fails to plead fraud against the Moving Defendants with sufficient particularity, the second, third, fourth and fifth causes of action must all be dismissed as against the Moving Defendants. The court need not discuss the Moving Defendants' arguments as to inconvenient forum as they are academic.

The motion to dismiss is granted and the second, third, fourth and fifth causes of action are hereby dismissed with prejudice as against defendants Thomaston Place Auction Galleries, Inc., Kaja J. Veilleux and John D. Bottero. The clerk may enter judgment.

The forgoing constitutes the decision and order of this court.

**12/2/2024**
**DATE**

**NICHOLAS W. MOYNE, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**152871/2022   TAILORED FUND CAP, LLC vs. GEM VENTURES, INC. ET AL**
**Motion No.  002**

**Page 6 of 6**

6 of 6

[* 6]